# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Craig Blamires and Sandra Blaimires, c/o 11467 Marco Polo Lane South Jordan, Utah State, <br><br> PLAINTIFFS, <br><br> v. <br><br> SAXON MORTGAGE, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; and JOHN DOES 1 through 1000, <br><br> DEFENDANTS, | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:09-cv-952 <br><br> Honorable Clark Waddoups <br><br> Magistrate Judge Brooke Wells |

On December 2, 2009, Defendants filed a motion to dismiss.[1] Plaintiffs have failed to oppose the motion and on January 19, 2010, Defendants filed a request to submit for decision. The following day on Janaury 20th, the Court entered an Order to Show Cause warning Plaintiffs that if they failed to respond to Defendants' motion by Februrary 1, 2010, this Court would recommend granting the motion.[2] Plaintiffs have filed no response to Defendants' motion or to the Court's Order to Show Cause.

In short, the Plaintiffs are borrowers under a loan secured by a Deed of Trust and Defendants are the beneficiaries under that trust. There is nothing before the Court to indicate there were any violations of the Truth in Lending Act. Additionally, the statute of limitations bars Plaintiffs' claims for damages.[3] And finally, even under the liberal pleading standard given

---

[1] Docket no. 4.
[2] *See* Order to Show Cause p. 2.
[3] *See* 15 U.S.C. § 1640(e).

to Plaintiffs because they are acting *pro se*,[4] some of Plaintiffs claims lack the necessary factual foundation to state a claim on which relief can be based.[5]

Accordingly, pursuant to Local Rule 7-1(d) and for those reasons articulated in greater detail in Defendants' motion to dismiss,[6] the Court RECOMMENDS Defendants' motion be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed with ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4th day of February, 2010.

BY THE COURT:

_____
Magistrate Judge Brooke Wells

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 519-21 (1972).
[5] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the broad reading of a plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).
[6] *See* Def.s' mem. in supp. docket no. 5.